IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JERRY W. ELLEDGE, )
)
       Petitioner, )
)
v. ) Case No. CIV-11-630-M
)
THE ATTORNEY GENERAL OF )
THE STATE OF OKLAHOMA, )
)
       Respondent. )

**Report and Recommendation:**
**Timeliness of the Habeas Action**

Based on a guilty plea, Mr. Jerry Elledge was convicted of child sexual abuse. He seeks a writ of habeas corpus, but the action is time-barred. As a result, the Court should deny relief.[1]

The Limitations Period Without Tolling

A one-year period of limitations exists,[2] and the state district court sentenced Mr. Elledge on June 24, 2003, after acceptance of a guilty plea. Without tolling, the one-year period would have begun ten days after entry of the guilty plea,[3] when the deadline would

---

[1] Mr. Elledge also requests a certificate of appealability. Corrected Amended Memorandum in Support of Petition for Writ of Habeas Corpus at p. 25 (July 19, 2011); Petitioner's Reply to Respondent's Partial Answer to Corrected Amended Memorandum in Support of Petition for Writ of Habeas Corpus at p. 10 (Aug. 16, 2011). This request is premature until the presiding district judge has ruled on the issue of timeliness. *See* 28 U.S.C. § 2253(c)(1)(A) (2006).

[2] *See* 28 U.S.C. § 2244(d)(1) (2006).

[3] *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (stating that a conviction became final ten days after an Oklahoma defendant's entry of a guilty plea in the absence of a timely motion for withdrawal or direct appeal).

have expired on a motion for leave to withdraw the plea.[4] The ten-day period ended on July 7, 2003.[5] Without tolling, the limitations period would have ended one year later, on July 7, 2004.

## Evidentiary Hearing and Discovery

As discussed below, the Petitioner attempts to avoid the time-bar based on actual innocence and equitable tolling.[6] The threshold issue is whether the Petitioner is entitled to an evidentiary hearing and discovery, as both are arguably requested in a memorandum accompanying the habeas petition.[7]

The Petitioner has not submitted a valid request for leave to conduct discovery. Discovery is only permitted if the petitioner demonstrates good cause, providing reasons for the request and submitting any proposed interrogatories, admission requests, or document

---

[4] *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals.

[5] The tenth day fell on July 4, 2003. Because this day was a holiday, the deadline was automatically extended to the next business day: July 7, 2003. *See* Okla. Stat. tit. 25 § 82.1(A), (C) (2001).

[6] *See infra* pp. 5-8.

[7] The Petitioner is not clear on whether he is wanting an evidentiary hearing and discovery in the federal court or the state court. He writes in his memorandum:

> Petitioner prays the Court apply equitable principles to the instant case to the extent that legal principles do not directly apply, and grant him a Certificate of Appealability. If the law demands otherwise, he prays that the instant Court return his case to the court below with instructions to permit him to withdraw his plea of guilt, to permit him an evidentiary hearing with an opportunity to conduct discovery, or to permit him to file an appeal out of time.

Corrected Amended Memorandum in Support of Petition for Writ of Habeas Corpus at p. 25 (July 19, 2011).

requests.[8] Mr. Elledge has not complied with these requirements, as he has not attempted to show good cause or submitted any of the proposed requests. As a result, the Court should decline to authorize discovery based on the unexplained request in Mr. Elledge's memorandum.

The Court should also decline to conduct an evidentiary hearing. When a habeas petitioner seeks an evidentiary hearing, he must specifically identify the evidence that he wants to present.[9] Mr. Elledge has not complied with this requirement.[10]

---

[8] Rule 6(a)-(b), Rules Governing Section 2254 Cases in the United States District Courts.

[9] *See Anderson v. Attorney General of Kansas*, 425 F.3d 853, 858-59 (10th Cir. 2005) (holding that for an evidentiary hearing in habeas proceedings, "the factual allegations must be 'specific and particularized, not general or conclusory'" (citation omitted)).

[10] Federal statutory law, 28 U.S.C. § 2254(e)(2), restricts the availability of evidentiary hearings when a claimant fails to diligently develop the factual foundation of the claim in state court. The Respondent invokes this statute in opposing the Petitioner's request for an evidentiary hearing. Three circuits have held that Section 2254(e)(2) does not apply when an evidentiary hearing is requested on an issue of actual innocence. *See Sibley v. Culliver*, 377 F.3d 1196, 1207 n.9 (11th Cir. 2004) (concluding that Section 2254(e)(2) does not apply to "the availability of evidentiary hearings when petitioners seek to introduce evidence concerning actual innocence"); *Coleman v. Hardy*, 628 F.3d 314, 320 n.2 (7th Cir. 2010) (holding that 28 U.S.C. § 2254(e)(2)(A) does "not have to be met in order for a court to hold an evidentiary hearing on whether the petitioner has met the actual innocence threshold necessary to consider the merits of his procedurally defaulted claim" (citations omitted)); *Cristin v. Brennan*, 281 F.3d 404, 419 (3d Cir. 2002) ("§ 2254(e)(2)'s restrictions do not apply to hearings on procedural default"). However, the Tenth Circuit Court of Appeals has not issued a published opinion on the applicability of Section 2254(e)(2) to a gateway claim of actual innocence, and the Western District of Oklahoma need not decide here how it would resolve the issue.

In an attempt to justify equitable tolling, he states that he is ignorant of the law, suffers from a learning disability, had inadequate access to a law library, and had ineffective legal representation.[11] But even if these allegations were proven, they would not entitle the Petitioner to equitable tolling for the reasons discussed below.[12] As a result, an evidentiary hearing is unwarranted on the issues involving equitable tolling.[13]

Mr. Elledge also asserts actual innocence, but admits that he cannot show a factual basis for this claim. Instead, he asserts that such a showing would require "further proceedings."[14] This assertion is self-defeating. An evidentiary hearing would only be permissible upon identification of "evidence that demonstrates that [the petitioner] probably would not have been found guilty beyond a reasonable doubt by any reasonable juror."[15] However, Mr. Elledge admits his inability to identify any evidence of actual innocence.[16]

---

[11] *See infra* pp. 6-8.

[12] *See infra* pp. 6-8.

[13] *See Medina v. Barnes*, 71 F.3d 363, 366 (10th Cir. 1995) ("To be entitled to an evidentiary hearing in a federal habeas action, the petitioner must first make allegations which, if proved, would entitle him to relief." (citation omitted)).

[14] Mr. Elledge states: "Petitioner avers his innocence. Short of further proceedings, however, he will be unable to show the Court its factual basis. (This is in and of itself, of course, more evidence of the ineffective assistance of counsel by his attorney at the trial stage)." Petitioner's Reply to Respondent's Partial Answer to Corrected Amended Memorandum in Support of Petition for Writ of Habeas Corpus at p. 7 (Aug. 16, 2011).

[15] *United States v. Cervini*, 379 F.3d 987, 992 (10th Cir. 2004) (discussing an evidentiary hearing on a motion to vacate under 28 U.S.C. § 2255).

[16] *See supra* p. 4 & note 14.

The failure to identify such evidence is fatal to the request for an evidentiary hearing on the claim of actual innocence.[17]

## Actual Innocence

The limitations period can be avoided through proof of actual innocence.[18] To invoke this exception, Mr. Elledge must show that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."[19]

As discussed above, the Petitioner lacks any proof of actual innocence.[20] Indeed, he confessed to the crime and pled guilty.[21] Although the Petitioner questions the validity of both, these questions do not constitute new evidence of innocence.[22] As a result, the Court should reject the argument for actual innocence.

---

[17] *See Hooks v. Workman*, 606 F.3d 715, 731 (10th Cir. 2010) ("the general and conclusory nature of the allegations in [the petitioner's] request for an evidentiary hearing, fully support the district court's decision to deny that request" (citation omitted)).

[18] *See Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010), *petition for cert. filed* (U.S. Apr. 28, 2011).

[19] *See Schlup v. Delo*, 513 U.S. 298, 329 (1995).

[20] *See supra* p. 4 & note 14.

[21] *See* Corrected Amended Memorandum in Support of Petition for Writ of Habeas Corpus at pp. 1, 4, 6 (July 19, 2011); *see also supra* p. 1 (referring to the guilty plea).

[22] Mr. Elledge's challenge to the validity of his guilty plea does not constitute assertion of his innocence. *See Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) ("A claim that [the petitioner's] guilty plea was involuntary does not assert that he did not commit the crime to which he pleaded guilty.").

## Equitable Tolling

The arguments for equitable tolling are also unconvincing.

I.  Test for Equitable Tolling

The limitations period may be subject to equitable tolling in certain circumstances.[23] But this form of tolling is only available when an extraordinary circumstance stood in the petitioner's way and prevented timely filing.[24] And, even when the circumstance was extraordinary, equitable tolling would only be available when the petitioner had diligently pursued the habeas claims.[25] On each requirement, Mr. Elledge bears a "strong burden to show specific facts."[26]

II. Existence of a Learning Disability, Legal Ignorance, and Inadequate Access to a Law Library

Mr. Elledge relies in part on a learning disability, ignorance of the law, and restricted access to a law library. But these conditions would not justify equitable tolling.[27]

---

[23] *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2554 (2010) (holding that the habeas timeliness provision "is subject to equitable tolling" (citation omitted)).

[24] *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[25] *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2565 (2010).

[26] *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (citations omitted).

[27] *See Clay v. Smith*, 365 Fed. Appx. 98, 103 (10th Cir. Feb. 9, 2010 (unpublished op.) (stating that "learning disabilities . . ., standing alone, would not justify equitable tolling of the § 2244(d)(1) statute of limitations" (citation omitted)); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that equitable tolling was not justified by the prisoner's ignorance of the law); *Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. Nov. 6, 2002) (unpublished op.) ("allegations regarding insufficient library access, standing alone, do not warrant equitable tolling" (citation omitted)).

III.   Ineffective Assistance of Counsel

The Petitioner also alleges that:

- his trial counsel had failed to appeal and

- his subsequent counsel had committed numerous errors in the post-conviction proceedings.

The failure to appeal would not justify equitable tolling. Mr. Elledge contends that he had instructed his attorney to appeal.[28] But the Petitioner does not suggest that he had been misled about the absence of an appeal. For an appeal, Mr. Elledge would have had to move in the state district court for withdrawal of the guilty plea by July 2003;[29] and he did not ever file such a motion. Instead, he initiated post-conviction proceedings almost six years later and ultimately began the present action more than eight years after he had entered a guilty plea.[30] In light of this delay, the alleged failure to file a direct appeal cannot be blamed for expiration of the limitations period.[31]

---

[28]   Corrected Amended Memorandum in Support of Petition for Writ of Habeas Corpus at p. 11 (July 19, 2011).

[29]   *See supra* pp. 1-2; Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals.

[30]   *See* Corrected Amended Memorandum in Support of Petition for Writ of Habeas Corpus at p. 1 (stating that the guilty plea was entered on April 21, 2003), p. 19 & Exh. 11 (stating that the first post-conviction application was filed on June 15, 2009) (July 19, 2011); *see also* Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody (June 3, 2011) (reflecting a filing-date more than eight years after the entry of a guilty plea).

[31]   A similar issue arose in *Stanley v. McKune*, 133 Fed. Appx. 479 (10th Cir. May 23, 2005) (unpublished op.). There the petitioner urged equitable tolling on grounds that his attorney had failed to file a direct appeal notwithstanding an instruction to do so. *See Stanley v. McKune*, 133 Fed. Appx. at 480. The Tenth Circuit Court of Appeals rejected the argument and explained:

> [The petitioner] has not alleged circumstances that prevented him from discovering

Mr. Elledge also alleges ineffectiveness of his post-conviction counsel.[32] But the Petitioner lacked a constitutional right to effective assistance in post-conviction proceedings.[33] Thus, ineffective representation in post-conviction proceedings would not trigger equitable tolling.[34]

## Timeliness of the Petition

Without tolling, the limitations period would have expired on July 7, 2004.[35] The habeas petition was filed in June 2011.[36] This filing was almost seven years late, and the Court should deny habeas relief based on the time-bar.

---

> his counsel's failure to file the direct appeal for the six years from the date of his conviction to the filing of his first postconviction pleading. It cannot be said that [the petitioner] has diligently pursued his federal claims.

*Id.*

[32] *See supra* p. 7.

[33] *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (holding that a petitioner cannot claim "constitutionally ineffective assistance of counsel" in state post-conviction proceedings); *Anderson v. Sirmons*, 476 F.3d 1131, 1141 n.9 (10th Cir. 2007) ("There is no concomitant constitutional right to effective assistance of post-conviction counsel . . . ." (citation omitted)).

[34] *See Vigil v. Jones*, 302 Fed. Appx. 801, 804 (10th Cir. Dec. 11, 2008) (unpublished op.) (holding that a state prisoner could not benefit from equitable tolling for ineffectiveness of post-conviction counsel because there is no constitutional right to effective assistance of counsel in post-conviction proceedings).

[35] *See supra* p. 2.

[36] *See supra* p. 7 & note 30.

Notice of the Right to Object

The Petitioner is advised of his right to object to this report and recommendation. If he does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma, by October 17, 2011.[37] If Mr. Elledge does not timely object, he would waive his right to appellate review of the suggested ruling.[38]

Status of the Referral

The present report discharges the referral.

Entered this 30th day of September, 2011.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[37] *See* 28 U.S.C. 636(b)(1) (2009 supp.); Fed. R. Civ. P. 6(d), 72(b)(2).

[38] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).